SAMUEL D. MARSHALL *vs.* SAMUEL W. DUNHAM.

Oxford, 1876.—January 23, 1877.

*Evidence.*

Each party claimed under a separate mortgage from the same grantor. The plaintiff's deed, though earlier in date, was not recorded till after the registry of the defendants. *Held,* essential for the plaintiff, if he would postpone the defendant's mortgage to his own, to prove by a preponderance of evidence that the defendant had actual notice of the existence of the prior mortgage when he received his.

ON REPORT.

WRIT OF ENTRY. Plea, *nul disseisin.*

Both parties claim title under one William S. Dunham; the plaintiff, under a mortgage deed, dated October 14, 1868, and recorded January 24, 1874; the defendant, under a mortgage deed, dated May 29, 1872, and recorded June 3, 1872. The latter deed having been executed before the former was recorded, the question for determination is whether the defendant had actual notice of the existence of the former deed at the time the deed to him was executed; and if so, what the legal effect of such notice is to have upon the rights of the parties under the circumstances established by the evidence. The mortgage of May 29, 1872, was assigned to Jonas Bisbee, October 12, 1872, and re-assigned to the defendant, June 12, 1875, under the circumstances stated in their testimony.

The defendant in consideration of $600, assigned his mortgage at its date to one Bisbee, who re-assigned it to the defendant, June 12, 1875; Bisbee at no time having any notice or knowledge of the existence of the prior mortgage, from W. S. Dunham, to secure the maintenance of his father and mother, which was afterward assigned to the plaintiff. The evidence tended to show that a part or all the money received from Bisbee was used to extinguish another prior incumbrance, called the Kittridge mortgage.

It appeared that Bisbee, being unwilling to advance more than $400 on the security of the mortgage, the defendant indorsed his agreement to be surety for $200 of the $600 paid by Bisbee, and that he finally repaid Bisbee when he took the re-assignment.

*C. P. Benson*, for the plaintiff, contended that, as matter of fact, the defendant had actual knowledge of the prior mortgage to secure maintenance, that he mistook the law, supposing the record title would avail notwithstanding his actual knowledge.

*A. Black*, for the defendant, contended as matter of fact that the defendant had no actual notice of the prior mortgage to secure maintenance, and that if he had, it being conceded that his assignee Bisbee, had no such knowledge, the assignment to Bisbee cured the defects in the title, if any existed while in the defendant; and further that Bisbee could give a good title to anybody; and to the defendant even if he had notice; that a perfect title in Bisbee could not be rendered an imperfect one in the defendant, by his knowledge of a pre-existing fact; that it would be contrary to the decisions. *Pierce* v. *Faunce*, 47 Maine, 507. *Flynt* v. *Arnold*, 2 Met. 619, 623. *Trull* v. *Bigelow*, 16 Mass. 406.

*Benson*, in reply submitted that S. W. Dunham retained an interest to the amount of $200 in the mortgage after its assignment to Bisbee; and for that reason, after the re-assignment of Bisbee, he should be charged with actual notice relating to the time of his taking the mortgagee. *Haynes* v. *Wellington*, 25 Maine, 458, 461. *Johnson* v. *Candage*, 31 Maine, 28, 32. *Buck v. Swazey*, 35 Maine, 41, 52.

BARROWS, J. The burden is upon the plaintiff, if he would postpone the defendant's mortgage to his own, to prove actual notice

to the defendant of the existence of his mortgage.  For this purpose he offers the deposition of W. S. Dunham, the mortgageor in both cases, who testifies that he told the defendant, of the mortgage to his father a few days before he made the mortgage to the defendant, in presence of another person whose testimony is not produced nor its absence accounted for.  The defendant positively denies the reception of any information of the sort and testifies that W. S. Dunham told him on the contrary that there was no mortgage besides the Kittridge mortgage, which was paid and canceled on the day that the defendant took his mortgage.  The uncontradicted testimony of the defendant is that his mortgage was given to secure the repayment of the money which he advanced to pay the Kittridge mortgage which was prior in time to the one given by W. S. Dunham to secure the bond for the support of his father and mother, under which the plaintiff claims. It further appears that the market value of the property was rather less than more than the amount of the defendant's mortgage.  The probability is that under such circumstances the defendant when advancing money to pay off a prior mortgage would have taken an assignment of it instead of having it canceled and taking a new mortgage had he known that the place was burdened with the support of the mortgageor's parents.  The circumstances tend to corroborate the statement of the defendant rather than that of the plaintiff's witness.  At all events, the plaintiff fails to produce a preponderance of evidence on this vital point.

This view makes it unnecessary to determine what effect, if any, the assignment of the defendant's mortgage to Bisbee and the re-assignment by Bisbee to the defendant might have.

*Judgment for defendant.*

APPLETON, C. J., DICKERSON, DANFORTH, VIRGIN and LIBBEY, JJ., concurred.